```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BECKLEY
```

**MATTHEW LAMAR ANTHONY,**

    Petitioner,

v.                                 **CIVIL ACTION NO. 5:04-00802**
                                        **CRIMINAL NO. 5:03-0088**

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION

On August 2, 2004, petitioner filed a petition under 28 U.S.C. § 2255 contending that the term of incarceration that was imposed upon him on May 5, 2004, was unconstitutional.[1] (See Doc. No. 118.) Petitioner supports this contention through recourse to the Supreme Court's holding in Blakely v. Washington, 542 U.S. 65, 68 (2004), which held that imposition of a sentencing enhancement based solely on the findings of a sentencing court violated a defendant's rights under the Sixth Amendment to the United States Constitution, and United States v. Booker, 543 U.S. 220 (2005), which applied Blakely to the federal sentencing guidelines. (See Doc. No. 123 at 3.)

28 U.S.C. § 1915A(a) directs courts to review complaints

---

[1] By Standing Order, this case was initially referred to a magistrate judge for preparation of proposed findings and recommendation as to disposition. (Doc. No. 120.) To expedite this case's disposition, the court hereby **VACATES** the Standing Order, only as applied to this case.

filed by prisoners against the government "before docketing, if feasible or . . . as soon as practicable after docketing" to ascertain whether they contain valid claims.  Section 1915A(b)(1) directs the court to dismiss any complaint, or portions of any complaint, which contain claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted."  Id.

In United States v. Morris, 429 F.3d 65, 69-72 (4th Cir. 2005), the Fourth Circuit held that the holdings in Blakely and Booker were not available for post-conviction relief for federal prisoners whose convictions became final before Blakely and Booker were decided.  See also United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005) (listing appellate decisions finding that Booker does not apply retroactively).  The Morris holding bars petitioner's claim in its entirety because petitioner's conviction was final at the time Blakely was handed down in June 2004.  As such, this claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Because this case fails to state a claim upon which relief can be granted, in a Judgment Order filed herewith, the court: (1) **DISMISSES** petitioner's petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. No. 118); and (2) **DIRECTS** the Clerk to remove this action from the active docket of this court and to forward a

certified copy of this Memorandum Opinion to all counsel of record and the petitioner, pro se.

    IT IS SO ORDERED this 19th day of December, 2006.

                      ENTER:

                        David A. Faber
                        Chief Judge